

**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 30, 2022**

The Order of the Court is set forth below. The docket reflects the date entered.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: JOHN E. FARRIS                                   CASE NO. 21-50858-KMS
JAIME L. FARRIS

DEBTORS                                                                 CHAPTER 13

### OPINION AND ORDER
### SUSTAINING IN PART AND OVERRULING IN PART
### OBJECTION TO CONFIRMATION

The Chapter 13 Plan and Motions for Valuation and Lien Avoidance ("Plan") filed by Debtors John E. and Jaime L. Farris, ECF No. 2, came on for hearing with Objection by secured creditor Tower Loan of Mississippi LLC, ECF No. 16. This proceeding is core under 28 U.S.C. § 157(b)(2)(B), (K), and (L).

Tower takes issue with the Plan's avoidance of Tower's nonpurchase money lien on its collateral for a $4340.18 installment loan, ECF No. 16 at 10-11. An agreed order allowed the Plan to be confirmed in all respects except as to Tower's lien. *See* ECF No. 33. The legal questions now having been fully briefed, the Objection is sustained as to two televisions, a woodworking lathe, and a collection of model cars; and is otherwise overruled.

## FINDINGS OF FACT

John Farris took out the loan a little more than six months before the couple filed bankruptcy, listing as collateral various items of personal property, including the ones at issue: three televisions, three Apple tablets, a Chromebook laptop computer that the Farrises' daughter uses for school, an HP desktop computer, a lathe, and "a group of about thirty Tony Stewart model cars that were originally purchased at Wal-Mart at an original price point of about $5.75 to $15.00 each" ("NASCAR Collection"), ECF No. 29 at 6. Each item has a fair market value of less than $200, and the Farrises exempted all of them under Mississippi's exemption statute. *See* Sch. C, ECF No. 4 at 9-10; Miss. Code Ann. § 85-3-1(a); 11 U.S.C. § 522(b)(2) (permitting states to opt out of Bankruptcy Code's exemptions); Miss. Code Ann. § 85-3-2 (providing that Miss. residents are not entitled to Bankruptcy Code's exemptions). They seek to avoid Tower's lien in the amount of $4648 as impairing these exemptions. ECF No. 2 at 3; 11 U.S.C. § 522(f)(1)(B). Tower perfected its security interest under the UCC, ECF No. 16 at 12, and timely filed a secured claim, ECF No. 12-1.

## CONCLUSIONS OF LAW

Tower's lien is avoidable only as to the personal property that is both exempt under Mississippi's statute and a "household good" as defined under § 522(f)(4) of the Bankruptcy Code. One television, the three Apple tablets, the Chromebook, and the desktop computer meet both requirements; Tower's lien may be avoided as to these items. The two other televisions, the lathe, and the NASCAR Collection are exempt under Mississippi's statute but are not "household goods" under § 522(f)(4); Tower's lien may not be avoided as to them.

## I. Mississippi's Exemption Statute

"[W]hen a debtor claims a *state-created* exemption, the exemption's scope is determined by state law . . . ." *Law v. Siegel*, 571 U.S. 415, 425 (2014). "It is a well-settled principle of [Mississippi] law that statutes of exemption are to be liberally construed in favor of the [exemptionist] . . . ." *U.S. Fid. & Guar. Co. v. Holt*, 114 So. 818, 819 (Miss. 1927).

The Mississippi statute exempts up to $10,000 of "tangible personal property" enumerated by kind in a list that includes "*[a]ny items* of tangible personal property worth less than Two Hundred Dollars ($200.00) each." Miss. Code Ann. § 85-3-1(a)(vi) (emphasis added). "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011); *accord United States v. Mahmood*, 820 F.3d 177, 188 (5th Cir. 2016) ("In interpreting [a statutory provision], we begin with the plain language of the statute, and end there if the text is unambiguous.").

Under the clear and unambiguous wording of paragraph (vi), every item here is exempt. *See In re McCoy*, No. 02-14926, 2003 WL 22890102, at *2 (Bankr. N.D. Miss. 2003) ("[I]f a debtor has ten television sets, all valued at less than $200.00, he or she may claim all of them as exempt under § 85-3-1(a)(vi).").

## II. Lien Avoidance Under the Bankruptcy Code

Even though all the items are exempt under the Mississippi statute, only some of them are also "household goods" as defined under the relevant subparagraphs of § 522(f)(4):

(A) Subject to subparagraph (B) . . . the term "household goods" means—

. . . .

(iii) appliances;

3

    (iv) 1 radio;

    (v) 1 television;

    (vi) 1 VCR;

    . . . .

    (xi) educational materials and educational equipment primarily for the use of minor dependent children of the debtor;

    . . . .

    (xiv) personal effects (including the toys and hobby equipment of minor dependent children and wedding rings) of the debtor and the dependents of the debtor; and

    (xv) 1 personal computer and related equipment.

(B) The term "household goods" does not include—

    . . . .

    (ii) electronic entertainment equipment with a fair market value of more than $725 in the aggregate (except 1 television, 1 radio, and 1 VCR);

    . . . .

    (v) a computer (except as otherwise provided for in this section) . . . .

11 U.S.C. § 522(f)(4)(A)-(B).

## A. Televisions

Under the plain language of § 522(f)(4)(a)(v), "household goods" includes only one television. *In re Potts*, No. 09-06763-8, 2011 WL 740201, at *1 (Bankr. E.D.N.C. Feb. 24, 2011); *First Franklin Fin. v. Yawn (In re Yawn)*, No. 09-21472, 2010 WL 599392, at *4 (Bankr. S.D. Ga. Feb. 5, 2010); *Tower Loan of Perryville v. Schroeder (In re Schroeder)*, No. 07-41472, 2008 WL 2345114, at *2 (Bankr. S.D. Ill. June 5, 2008). Consequently, the Farrises may avoid Tower's lien as to only one of the three televisions.

The Farrises argue for a different result based on § 522(f)(4)(B)(ii), which they read as corresponding to the "tangible personal property worth less than Two Hundred Dollars" paragraph in Mississippi's exemption statute: that Tower's lien is avoidable as to all three televisions as "electronic entertainment equipment" with an aggregate value of $725 or less. *See* Br., ECF No. 29 at 5-6. But this construction does not account for the parenthetical text "except 1 television, 1 radio, and 1 VCR," 11 U.S.C. § 522(f)(4)(B)(ii). This text should be given meaning. *See Pierrotti v. IRS (In re Pierrotti)*, 645 F.3d 277, 280 (5th Cir. 2011) ("[A] statute ought, upon the whole, to be so construed that . . . no clause, sentence, or word shall be superfluous, void, or insignificant."). Read in a way that gives meaning to "(except 1 television, 1 radio, and 1 VCR)," the statute allows the debtor to include in "electronic entertainment equipment" only the one television, one radio, and one VCR defined as "household goods" in § 522(f)(4)(A). But the fair market value of that one television, one radio, and one VCR do not count toward the permissible aggregate total of $725 for *other* "electronic entertainment equipment" such as tablet computers and video game consoles and accessories.

### B. Chromebook and Desktop Computers

The Bankruptcy Code does not define "personal computer." "When terms used in a statute are undefined, we give them their ordinary meaning." *Viegelahn v. Lopez (In re Lopez)*, 897 F.3d 663, 669 (5th Cir. 2018). "Computer" ordinarily means "a programmable usually electronic device that can store, retrieve, and process data." *Computer*, Merriam-Webster, https://www.merriam-webster.com/dictionary/computer (last updated Mar. 13, 2022). A "personal computer" ordinarily means a laptop or desktop computer. *Types of Computers*, GeeksforGeeks, https://www.geeksforgeeks.org/types-of-computers/ (last updated June 6, 2021) ("This type of computer is suitable for personal work such as making an assignment, watching a movie, or at office for

office work, etc. For example, [l]aptops and desktop computers."). By these definitions, the Chromebook and the desktop computer are "personal computers" under § 522(f)(4).

The term "household goods" means "1 personal computer and related equipment." 11 U.S.C. § 522(f)(4)(A)(xv); *see also* 11 U.S.C. § 522(f)(4)(B)(v) (defining "household goods" to exclude "a computer (except as otherwise provided for in this section")))."When a statutory definition declares what a term 'means,' any meaning not stated is excluded, because the term 'means' denotes an exhaustive definition." 3A *Sutherland Statutory Construction* § 70:6 (8th ed.), Westlaw (database updated Nov. 2021). But "household goods" also means "educational equipment primarily for the use of [the debtor's] minor dependent children." *See* 11 U.S.C. § 522(f)(4)(A)(xi).

The Chromebook sits at the intersection of these two clauses, as a personal computer and as educational equipment the Farrises' daughter uses for school. "In construing a statute, the ultimate goal is to discern and enforce Congress' intent." *Almendarez v. Barrett-Fisher Co.*, 762 F.2d 1275, 1278 (5th Cir. 1985). When considering how to apply two provisions of a single statutory scheme, courts effectuate congressional intent by construing the provisions harmoniously, if possible. *In re Lenton*, 358 B.R. 651, 655 (Bankr. E.D. Penn. 2006) (citing *In re Handel*, 253 B.R. 308, 311 (B.A.P. 1st Cir. 2000)). Harmonious construction that effectuates congressional intent may supplant the literal words of the statute, even when the statutory language is apparently clear. *See Almendarez*, 762 F.2d at 1278 ("[L]iteral statutory construction is inappropriate if it would produce a result in conflict with the legislative purpose clearly manifested in an entire statute or statutory scheme or with clear legislative history."). The Chromebook presents this dilemma: whether to apply the literal words of the statute that would preclude lien

avoidance for more than one personal computer or to classify the Chromebook alternatively as "educational equipment" as to which the lien would be avoidable under a different provision.

The lien avoidance statute aims "to preserve to the Debtor and his dependents those basic goods found in or around the household from the threat of repossession or foreclosure which are clearly essential for a fresh start, and *without which no ordinary, contemporary household functions*." *In re Vale*, 110 B.R. 396, 406 (Bankr. N.D. Ind. 1989) (emphasis added). Nothing indicates that congressional intent as to lien avoidance has changed in the thirty-plus years since the *Vale* court expressed this view, including in 2005, when Congress amended the Bankruptcy Code with the "household goods" definition in § 522(f)(4). *See* Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), Pub. L. No. 109-8, 119 Stat. 23 (2005).

But even as Congress was drafting BAPCPA, the world was changing. *See* 4 *Collier on Bankruptcy* ¶ 522:11[6][d] (Richard Levin & Henry J. Sommer eds., 16th ed.) (observing that by the time § 522(f)(4) was enacted, many debtors had replaced their VCR with a DVD player); *see also In re Zieg*, 409 B.R. 917, 920 (Bankr. W.D. Mo. 2009) (recognizing that "technology has changed" and holding that "VCR" includes a DVD player). Fast-forward seventeen years more and radios as "household goods" are also obsolete, having been replaced by Internet media outlets and music streaming services.

Technology is not all that has changed. Two years ago, the COVID-19 pandemic transformed education from an in-person activity to an online activity. The "ordinary contemporary household," 110 B.R. at 406, is now hard-pressed to function without each child's having some sort of computer for school, whether attended in person or online. Consequently, congressional intent as to the lien avoidance statute is not effectuated by construing § 522(f)(4) literally so that a lien is avoidable as to only one personal computer when the household includes

7

school-age children. Accordingly, "household goods" includes not only "1 personal computer and related equipment" under clause (xv) but also one additional personal computer and related equipment for each school-age child in the household as "educational equipment" under clause (xi). Under this construction, Tower's lien is avoidable as to the both the Chromebook and the desktop computer.

### C. Apple Tablets

Only "personal computers"—that is, laptops and desktops—are contemplated under § 522(f)(4). Computers other than "personal computers" are not contemplated, notwithstanding that "a computer" is excluded from the definition of "household goods" if it is not, parenthetically, "otherwise provided for in this section." *See* 11 U.S.C. § 522(f)(4)(B)(v). This exclusion does not bring "computers" as a general category within the purview of § 522(f)(4); the parenthetical text implies the adjective "personal" before "computer," the referent being § 522(f)(4)(A)(xv), which specifies "personal computer." Consequently, the Apple tablets aka iPads, although they are computers, are not subject to the limitations on "personal computers" under § 522(f)(4).

Besides being computers, tablets are "electronic entertainment equipment," 11 U.S.C. § 522(f)(4)(B)(ii). This conclusion is supported by a description of the iPad's functionality by a major news outlet the day before the iPad's release: "The iPad is designed for consuming various types of media—reading books, browsing the Web and watching videos, in particular. It's also marketed as a portable gaming device . . . ." John D. Sutter, *Before you buy: 12 things to know about the iPad*, CNN Labs (April 2, 2010, 10:01 a.m.), https://www.cnn.com/2010/TECH/ ptech/04/02/ipad.preview/index. html.

As a device to provide personal and family entertainment, a tablet is an "appliance." *See In re Evans*, 548 B.R. 449, 457-58 (Bankr. N.D. Miss. 2016) (adopting definition of "appliance"

8

as "a device or piece of equipment used for a specific task, esp. a machine for domestic use"). Consequently, a nonpurchase money lien as to a tablet is avoidable under § 522(f)(4)(A)(iii) (defining "household goods" to mean "appliances"). A tablet might also be an "appliance" under a different lien avoidance provision. *See* 11 U.S.C. § 522(f)(1)(B)(i) (providing for lien avoidance as to nine categories of personal property, including "appliances"); *see also Evans*, 548 B.R. at 458 n.9 (noting that lawn mower as "appliance" under § 522(f)(4)(A)(iii) "also could possibly be classified as an appliance [under] § 522(f)(1)(B)(i)"); Keith M. Lundin, *Lundin on Chapter 13*, § 49.4 at ¶¶ 2-3, LundinOnChapter13.com (last visited Mar. 14, 2022) (opining that "[t]his new statutory definition of household goods is evidence that everyone in Washington was sound asleep for this portion of BAPCPA. . . . Are 'appliances' included in household goods by new § 522(f)(4)(A)(iii) different from 'appliances' in § 522(f)(1)(B)?").

The three Apple tablets have an aggregate fair market value of $725 or less. The lien is therefore avoidable as to the tablets.

### D. Lathe and NASCAR Collection

According to the Farrises, the lathe and the NASCAR Collection are "household goods," the lathe as an "appliance" under § 422(f)(4)(A)(iii) and the model cars in the NASCAR Collection as "personal effects . . . of the debtor" under § 422(f)(4)(A)(xiv). These arguments are unconvincing.

As to the lathe, the Farrises assert that "it is a device specifically meant for manipulating wood by cutting, sanding, turning and otherwise sculpting said wood into another form" and that as a tool "useful for maintaining and upkeeping the home . . . [it] is for household use of the debtors in wood craft." ECF No. 29 at 5. This statement aligns with the definition of "appliance" as "a device or piece of equipment used for a specific task," *Evans*, 548 B.R. at 457. But it fails to

9

describe how the Farrises use the lathe. *See* 11 U.S.C. § 522(f)(1)(B)(i) (specifying personal property "held primarily for . . . personal, family, or household use"). Unlike the lawn mower in *Evans* and the Apple tablets here, a lathe's domestic use is not obvious, and the nonspecific "useful for maintaining and upkeeping the home" does not suffice.

As to the cars in the NASCAR Collection, the Farrises argue that "personal effects" in § 522(f)(4)(A)(xiv) should be broadly construed to include not only "toys and hobby equipment of minor dependent children" but also *debtors'* toys and hobby equipment. ECF No. 29 at 6. The word "including" is ordinarily "a term of enlargement." 3A *Sutherland* § 70:6. But the enlargement here is explicitly limited by the modifying phrase "of minor dependent children." *See* § 522(f)(4)(A)(xiv). "Personal effects" are "privately owned items (such as clothing and jewelry) normally worn or carried on the person." *Personal effects*, Merriam-Webster, https://www.merriam-webster.com/dictionary/personal%20effects (last updated Mar. 2, 2022). An adult's collection of model cars does not fit this definition.

The lathe and the NASCAR Collection are not "household goods." The lien as to these items is therefore not avoidable.

## ORDER

**IT IS THEREFORE ORDERED** that the Objection is **SUSTAINED** as to two televisions, the lathe, and the NASCAR Collection and is **OTHERWISE OVERRULED**.

*##END##*